25-336-cv
*Wright v. TD Bank N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

YVONNE WRIGHT,

> *Plaintiff-Appellant*,

v.                                                                 25-336-cv

TD BANK N.A.,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                   YVONNE WRIGHT, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE:                   Gabrielle Pelura, Duane Morris LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 15, 2025, is **AFFIRMED**.

Plaintiff-Appellant Yvonne Wright, proceeding *pro se*, appeals from the district court's judgment dismissing her complaint against Defendant-Appellee TD Bank N.A. ("TD Bank"). Wright alleged that $80,000 went missing from her safe deposit box at a TD Bank branch located in Manhattan. She asserted claims for breach of contract, negligence, and gross negligence. TD Bank moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, concluding that Wright failed to state a claim because, *inter alia*, her rental agreement with TD Bank (the "Agreement") contained exculpatory provisions. *See generally Wright v. TD Bank, N.A.*, No. 24-cv-2356, 2025 WL 89544 (S.D.N.Y. Jan. 14, 2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks and citation omitted). "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis, internal quotation marks, and citation omitted).

The district court properly concluded that Wright failed to state a claim for breach of contract, negligence, or gross negligence. Wright alleged that TD Bank breached the Agreement by "fail[ing] to safeguard the personal items entrusted to [it]." Supplemental App'x at 6. Additionally, Wright alleged that TD Bank negligently failed to safeguard the cash in her safe deposit box in violation of its duty of care. However, "[a]s a general rule, parties are free to enter into contracts that absolve a party from its own negligence or that limit liability to a nominal sum."[1] *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 18 N.Y.3d 675, 682–83 (2012) (internal citations omitted); *see also Uribe v. Merchants Bank of New York*, 91 N.Y.2d 336, 341 (1998) (explaining that "[i]t is universally understood and accepted that a bank is authorized to rent safe-deposit boxes 'upon such terms and conditions as may be prescribed,'" but that "the commercial terms may not be unconscionable or violative of a supervening public policy" (quoting N.Y. Banking Law § 96[3][b])). Therefore, "an exculpatory provision ordinarily will be enforced when its language expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for the defendant's negligence." *Uribe*, 91 N.Y.2d at 341 (internal quotation marks and citation omitted).

Here, the Agreement warned that "the safe deposit box is not intended to store . . . such things as domestic or foreign currency whether in paper, coin or other form." Supplemental App'x at 13. The Agreement further stated that "Lessee(s) assumes all risks arising out of the storage of property in the safe deposit box (including but not limited to loss or damage due to fire,

---

[1] In ruling on the motion to dismiss, the district court properly considered the Agreement because it was integral to the amended complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion." (emphasis omitted)). Moreover, the Agreement contains a choice-of-law provision, stating that the Agreement "shall be governed by the law of the state in which the safe deposit is located," Supplemental App'x at 14, and the parties do not dispute that New York law governs Wright's claims, which all arise from the Agreement. *See Krumme v. Westpoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000).

water, robbery, burglary, compliance by the Bank with process it reasonably believes to be valid or the negligence of the Bank) . . . and agrees that [the] Bank shall not be liable for any loss sustained by Lessee(s)." *Id.* at 14. Therefore, the district court properly concluded that the plain terms of the Agreement relieved TD Bank from liability for the breach of contract and negligence claims related to the money allegedly missing from the safe deposit box. *See Uribe*, 91 N.Y.2d at 342 (holding that "the safe-deposit box rental agreement . . . excludes cash, currency or legal tender and provides the bank with a cognizable rejection of [the plaintiff's] claim for loss of that kind of contents from the safe-deposit box"); *Levina v. Citibank, N.A.*, 16 A.D.3d 160, 160–61 (1st Dep't 2005) ("The action was properly dismissed upon the ground that plaintiff's safe-deposit box leases with defendant prohibited the storage of cash and clearly relieved defendant of liability for loss of stored cash.").

To be sure, "it is New York's public policy that a party cannot insulate itself from damages caused by grossly negligent conduct." *Abacus*, 18 N.Y.3d at 683 (internal quotation marks and citation omitted); *accord In re Part 60 Put-Back Litig.*, 36 N.Y.3d 342, 353 (2020). "Therefore, exculpatory clauses and liquidated damages clauses in contracts are not enforceable against allegations of gross negligence." *Abacus*, 18 N.Y.3d at 683. Here, however, Wright's claim of gross negligence was conclusory. *See Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (explaining that, in addressing the sufficiency of a complaint, "[w]e accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations" (internal quotation marks and citation omitted)). Under New York law, "[g]ross negligence, when invoked to pierce an agreed-upon limitation of liability in a commercial contract, must smack of intentional

4

wrongdoing or evince a reckless indifference to the rights of others." *In re Part 60 Put-Back Litig.*, 36 N.Y.3d at 352 (alterations adopted) (internal quotation marks and citation omitted). Wright alleged that money went missing from her safe deposit box, and generally attributed this to TD Bank's negligence, but she did not allege any specific and plausible action or inaction by TD Bank. Wright's allegation that TD Bank "fail[ed] to adequately secure the vault," Supplemental App'x at 8, is simply too conclusory to support a plausible claim of gross negligence.

Finally, in her brief, Wright argues that the district court erroneously dismissed her case without opportunity to amend and suggests in conclusory terms that an apparent TD Bank employee may have stolen her money. However, Wright had counsel in the district court proceedings, did not move for leave to amend, and at no point raised these allegations in the district court.[2] "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (internal quotation marks and citation omitted). We recognize that "we may exercise discretion to consider forfeited arguments," *Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) (alteration adopted) (internal quotation marks and citation omitted), but we find no reason to depart from the general rule in this case, especially where Wright has failed to articulate a reason for failing to raise the issue below.

---

[2] Notwithstanding Wright's representation at oral argument that she told her counsel in the district court about the actions of the apparent TD Bank employee, and her representation that bank employees encouraged her to store cash in her safe deposit box and accepted responsibility for it, none of these allegations appeared in her complaint.

\*    \*    \*

We have considered Wright's remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  We deny as moot Wright's motion to remand.